# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHRISTOPHER D. HOLMES**                                                      **PETITIONER**

**V.**                            **CIVIL ACTION NO.: 4:18CV110-MPM-RP**

**WARDEN C. RIVERS**                                                        **RESPONDENT**

## ORDER OF DISMISSAL

Petitioner Christopher D. Homes has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' ("BOP") calculation of his time-served credit. Doc. #1. Specifically, he alleges that the BOP failed to properly credit the six months that he spent in official detention in Coahoma County, Mississippi, in computing his federal sentence. *See id*. at 6-7.

## Background

On December 16, 2015, Christopher Holmes was sentenced in the United States District Court for the Northern District of Mississippi in Cause No. 4:14CR118 for theft of firearms from a federal firearms licensee. According to Holmes, the sentencing judge ordered that his six-months of prior custody be credited to his federal sentence. *Id*. at 7.

## Discussion

Petitioners seeking credit on a federal sentence under § 2241 are first required to exhaust their administrative remedies. *See MacMohon v. Fleming,* 145 F. App'x 887, 888 (5th Cir. 2005) (affirming dismissal of § 2241 petition where petitioner claimed that BOP did not properly calculate good-time credit because petitioner did not exhaust administrative remedies); *United States v. Gabor,* 905 F.2d 76, 78 n. 2 (5th Cir. 1990) ("Not only must a petitioner seeking credit

on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons."). The exhaustion requirement is subject to exception "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994) (citation omitted). Such exceptions apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating circumstances warranting waiver of the exhaustion requirement. *Id.*

Here, Holmes plainly concedes that he did not seek an administrative remedy prior to filing the instant action, claiming that he "was initially uninformed of any of the available options to do so." Doc. #1 at 2-3. However, ignorance of the exhaustion requirement cannot excuse a failure to exhaust. *See, e.g., Gonzalez v. Crawford*, 419 F. App'x 522, 523 (5th Cir. 2011). Therefore, the Court concludes that Holmes has failed to exhaust his administrative remedies and is not entitled to relief under § 2241.

## Conclusion

Because it is apparent that Holmes failed to exhaust his administrative remedies, the instant motion is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust. A separate final judgment will issue today.

**SO ORDERED** this 2nd day of July, 2018.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE